Judge Pauley

MARC A. LIEBERSTEIN (ML 7116)
JOHN L. DAUER, JR. (JD 1763)
DAY PITNEY LLP
7 TIMES SQUARE
NEW YORK, NY 10036
(212) 297-5800
ATTORNEYS FOR
PLAINTIFF PIXFUSION LLC

**07 CIV 9732**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PixFusion LLC, | : |
| Plaintiff, | : |
| v. | : **COMPLAINT AND JURY DEMAND** |
| OfficeMax, Incorporated and Toy An Advertising Agency LLC | : |
| Defendant. | : |

NOV 0 2 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff PixFusion LLC, by their attorneys, Day Pitney LLP, file this Complaint and Jury Demand against Defendants OfficeMax Incorporated and Toy An Advertising Agency LLC, and state as follows:

## PARTIES

1. Plaintiff PixFusion LLC ("PixFusion") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 390 Park Avenue South, 3rd Floor, New York, NY 10016.

2. Defendant OfficeMax Incorporated ("OfficeMax") is a Delaware corporation, having its principal place of business at 263 Shuman Blvd., Naperville, Illinois 60563.

3. Defendant Toy An Advertising Agency LLC ("Toy") is a New York limited liability corporation, having its principal place of business at 132 21st St., New York, NY 10011.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Acts of Congress relating to patents, including Sections 101 *et seq.* of Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over this action under Sections 1331 and 1338(a) of Title 28 of the United States Code.

6. This Court has personal jurisdiction over Defendants OfficeMax and Toy by virtue of, among other things, Defendants' manufacture use of the infringing products and services in the Southern District of New York.

7. Venue is proper in the Southern District of New York pursuant to Sections 1391(b) and (d) of Title 28 of the United States Code.

## FACTUAL BACKGROUND

### Plaintiff PixFusion's Products and Services

8. PixFusion is known as an innovator in the personalized media field.

9. PixFusion manufactures and produces high quality, customized media products.

10. For example, PixFusion, under its Kideo brand, manufactures and produces personalized media productions for children using licensed characters such as Spider-Man, Dora the Explorer, Barney, Arthur, Care Bears and Baby Genius.

11. PixFusion has sold over 500,000 of its Kideo personalized media productions.

12. PixFusion also develops and provides promotional media products.

13. PixFusion distributes its personalized media products and services throughout the United States and around the world.

Plaintiff PixFusion's Technology and Patents

14. PixFusion has developed proprietary software and technology to manufacture and produce its media products and services.

15. PixFusion also owns patents that embody the fruits of its innovations.

16. One such patent is United States Patent Number 6,351,265 ("the '265 Patent"), which is entitled "Method and Apparatus For Producing an Electronic Image" and has an issue date of February 26, 2002, attached hereto as Exhibit A.

17. Another such patent is United States Patent Number 5,623,587 ("the '587 patent"), which is entitled "Method and Apparatus For Producing an Electronic Image" and has an issue date of April 22, 1992, attached hereto as Exhibit B.

18. PixFusion is the current assignee of the '265 and '587 Patents.

19. PixFusion has licensed to third parties its proprietary intellectual property platform, including the '265 and '587 patents, for uses in consumer products, television and promotional applications.

Defendant OfficeMax's and Toy's Infringement

20. Toy is an ad agency.

21. Toy prepared for OfficeMax a web site program entitled, "ElfYourself."

22. OfficeMax operated the ElfYourself program on a website during the holiday season in or around December 2006.

23. That ElfYourself program is currently available at http://elfdemo.evb.com/ and, upon information and belief, in or around December 2006, was available at http://www.elfyourself.com/.

24. The ElfYourself program allows a user to first upload a photo.

25. Next, the ElfYourself program allows the user to adjust the photo to, *inter alia*, fit a face in the photo into a template.

26. Next, after the face is saved, the user can watch a video of a dancing elf with the face from the photo superimposed on the elf's body.

27. The site http://www.elfyourself.com/ currently states, "Coming Soon! The newfangled, greatly improved, totally updated, 2.0 Version that lets you elf the heck out of yourself!"

28. Upon information and belief, OfficeMax makes, uses and offers for use personalized videos that infringe the '265 Patent and may infringe the '587 Patent.

**COUNT I**
**(Infringement of the '265 Patent)**

29. PixFusion repeats and re-alleges Paragraphs 1-28 as if fully set forth herein.

30. OfficeMax and Toy have infringed, and will continue to infringe the '265 Patent in violation of Section 271 of Title 35 of the United States Code by making, using, selling and or offering to sell the inventions claimed in the '265 Patent, and/or inducing or contributing to such infringement by others, in the Southern District of New York and without the consent of PixFusion.

31. Unless enjoined by the Court, OfficeMax and Toy will continue their alleged infringement of the '265 Patent.

32. As a direct and proximate result of OfficeMax's and Toy's alleged infringing conduct, PixFusion has suffered, and will continue to suffer, irreparable harm, for which they have no adequate remedy at law.

33. Unless this Court enjoins OfficeMax's and Toy's alleged infringing conduct, PixFusion will continue to be irreparably harmed by OfficeMax's and Toy's infringement of the '265 Patent.

34. As a direct and proximate result of OfficeMax's and Toy's alleged infringing conduct, PixFusion has suffered, and will continue to suffer, damages.

35. Unless this Court enjoins OfficeMax's and Toy's alleged infringing conduct, PixFusion will continue to suffer damages by OfficeMax's and Toy's infringement of the '265 Patent.

36. OfficeMax and Toy had actual notice its personalized media products infringed the '265 Patent, in response to which, OfficeMax and Toy did not cease its alleged infringement of the '265 Patent in wanton disregard of PixFusion's rights thereunder.

37. As a direct and proximate result of OfficeMax's and Toy's conduct, OfficeMax's and Toy's alleged infringement of the '265 Patent has been willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PixFusion prays for the following relief:

A. A declaration that OfficeMax and Toy have infringed one or more of the claims of the '265 Patent;

B. A declaration that OfficeMax and Toy have willfully infringed the '265 Patent;

C. An injunction permanently restraining and enjoining OfficeMax and Toy (and their officers, directors, employees, agents, servants, successors, assigns, and any and all persons in privy or in concert with them, directly or indirectly) from infringing any of the claims of the '265 Patent in any manner;

D. Damages adequate to compensate PixFusion injuries sustained as a result of OfficeMax's and Toy's infringement of the '265 Patent, but in no event less than a reasonable royalty, together with interest thereon;

E. Enhanced damages as a result of PixFusion for OfficeMax's and Toy's willful infringement of the '265 Patent;

F. A declaration that this case is exceptional;

G. An assessment and award of interest, costs, and attorneys fees against OfficeMax and Toy; and

H. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff PixFusion respectfully requests a jury trial on all issues so triable.

DATED: November 1, 2007

                    Day Pitney LLP
                    Attorneys for Plaintiff
                    PixFusion LLC

By: _____
                    Marc A. Lieberstein (ML 7116)
                    John L. Dauer, Jr. (JD 1763)